IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JERICHO SYSTEMS CORPORATION**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:07-CV-2009-L** |
| | § | |
| **BOOZ ALLEN HAMILTON INC.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Motion to Remand, filed June 26, 2007; and (2) Defendant Booz Allen Hamilton Inc.'s Motion to Transfer, filed June 21, 2007. After carefully considering the motions, responses, replies, record, and applicable law, the court **grants** the Motion to Remand and **denies as moot** Defendant Booz Allen Hamilton Inc.'s Motion to Transfer.

### I.  Factual and Procedural History

Plaintiff Jericho Systems Corporation ("Plaintiff" or "Jericho") filed its Original Petition and Application for Injunctive Relief in the 68th District Court, Dallas County, Texas, on September 28, 2006, alleging claims against Defendant Booz Allen Hamilton Inc. ("Defendant" or "Booz Allen") for breach of contract, promissory estoppel, unjust enrichment, misappropriation of trade secrets, and business disparagement, and seeking temporary and permanent injunctive relief. Booz Allen filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1442 on June 20, 2007, stating:

> When this action was filed, it was not removable because the parties are not diverse and there was no apparent federal question jurisdiction on the face of the Original Petition.
>
> But on June 4, 2007, Jericho served interrogatory responses on Booz Allen in which Jericho claimed, for the first time, that Booz Allen

**Memorandum Opinion and Order - Page 1**

> distributed software to the U.S. Government that contained Jericho's alleged trade secrets.

Notice of Removal ¶¶ 2-3.

According to Plaintiff, it built a software called EnterSpace Technology™ that was "productized" as the EnterSpace Decisioning Service. Orig. Pet. ¶¶ 8-9. Plaintiff alleges that the Defense Information Systems Agency ("DISA"), part of the Department of Defense ("DoD") began an initiative called Net Centric Enterprise Services ("NCES"). *Id.* ¶ 10. Jericho contends that it created a model called "Attribute Based Access Control" that was incorporated into its EnterSpace Security Suite. *Id.* ¶ 11. Jericho asserts that ABAC "provides unique, next-generation features from which Jericho derives competitive advantage." *Id.* It contends that information specific to its EnterSpace Technology™ and ABAC implemented ESS qualifies as trade secrets under Texas law. *Id.* ¶ 14.

Jericho asserts that in the winter of 2003, it "enlisted the aid of [Booz Allen] to help secure governmental contracts through which Jericho would sell services and technologies to various federal agencies." *Id.* ¶ 16. The petition refers to two agreements made between the parties: (1) a Nondisclosure Agreement, executed February 18, 2004, and (2) a 2006 Evaluation License. *Id.* ¶¶ 16, 22. Jericho alleges that Booz Allen breached the agreements by: "(1) reverse-engineering the EnterSpace product; and (2) by using Jericho's trade secrets to obtain U.S. Government contracts." *Id.* ¶ 25. Plaintiff contends that Booz Allen "prepared deceptive reports of EnterSpace's capabilities in order to block Jericho from obtaining an NCES contract, and also in order to prolong their existence as a [Government Off the Shelf] developer in the NCES program." *Id.* Jericho alleges that during an NCES sponsored teleconference on September 20, 2006, Booz Allen "denied that Jericho and the EnterSpace product existed," and that during the conference, Booz Allen introduced an

upgraded GOTS product that used Jericho's trade secrets. *Id*. Jericho alleges that Booz Allen "has misappropriated Jericho's trade secrets in an attempt to obtain a lucrative federal government contract," and that using its position as a Trusted Advisor to the NCES program, Booz Allen has used, published, and claimed as its own the EnterSpace Technology™ "to a community of DoD personnel, vendors, and contractors." *Id*. ¶ 27.

Booz Allen, responding to the motion to remand, points to two interrogatory answers that it contends provided new detail regarding Jericho's claims. In response to interrogatory number 15, Jericho stated: "After the January 2006 installation at [Booz Allen's] lab in Virginia, [Booz Allen] issued a false report with respect to the proof-of-concept." Def. Resp. 11. Booz Allen also points to the response to interrogatory 16, which it contends is the first evidence that DISA was a recipient of Plaintiff's trade secrets. *Id*. at 12.

Defendant also raises the issue of a third agreement between the parties, a Subcontractor Purchase Order, dated December 16, 2005. Booz Allen argues that a forum selection clause in this agreement requires that the court transfer this case to the Eastern District of Virginia. Plaintiff argues that the court must consider the motion to remand first, because it cannot even consider transferring this case to another district if it lacks subject matter jurisdiction or if removal was improper. The court agrees that the motion to remand should be considered before the motion to transfer, and accordingly, turns to the parties' arguments regarding remand.

## II. Motion to Remand

### A. Legal Standard – Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, commonly referred to as "arising under" jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law).

In its most recent pronouncement on "arising under" jurisdiction, the high court dealt with what it called a "longstanding, if less frequently encountered, variety of 'federal arising under' jurisdiction." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). *Grable* makes unequivocally clear that, under this type of "arising under" jurisdiction, the existence of a cause of action created by federal law is not a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal jurisdiction pursuant to 28 U.S.C. § 1441(a). *Id.* In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," *id.*, a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14.

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

B.  Analysis

1.  Subject Matter Jurisdiction

Defendant contends that removal was proper under both sections 1441 and 1442. The court considers whether there is a federal question, and if Defendant qualifies as a federal officer entitled to removal pursuant to section 1442.

a.  Federal Question

Jericho has brought only state claims against Booz Allen; no federal claims are alleged in the Original Petition or raised in its interrogatory answers. To determine if removal is proper pursuant to section 1441, the court must consider the two-part test set forth by the Court in *Grable*. First, the court must consider whether Jericho's state court petition raises a stated federal issue that is actually disputed and substantial. The court determines that it does not because it raises strictly state claims, and no federal statutes or regulations are mentioned either in the Original Petition or in the interrogatory answers. Next, the court must consider whether "the exercise of federal jurisdiction is subject to a possible veto." *Grable*, 545 U.S. at 313. In deciding this issue, the court must determine whether the exercise of "federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts" as it relates to 28 U.S.C. § 1331. *Grable*, 545 U.S. at 313. The court determines that nothing has been presented to the court by the parties that Congress has expressed an intent to have cases like this, which are ordinarily handled by state courts, transferred to or filed in federal court. Absent proof or indication that Congress intends to upset or shift the state-federal line or division of responsibility, the court declines to open a Pandora's box and usher into federal court a new wave of litigation that has been traditionally, and should be, handled in state court.

### b. Federal Officer

Booz Allen contends that the interrogatory answers provided by Jericho in June 2007 clarify that Plaintiff's claims arise from its actions as a federal independent contractor and therefore removal is proper pursuant to section 1442(a). It argues that it was not until June 2007 that it became clear that there was a basis to remove this case under the federal officer statute. That statute provides for the removal to federal court of a case against: "The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1). Booz Allen argues that removal of Jericho's claims is proper because it was acting under an officer of the United States.

Booz Allen must demonstrate that it "(1) [was a] person[], (2) acting under color of federal authority when committing the acts that allegedly led to [plaintiff's] injuries, and (3) had asserted a colorable federal defense." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999) (internal quotations omitted). Defendant argues that it meets all three prongs of the test for section 1442(a) removal. It argues that corporate entities are persons under the statute, that its allegedly disparaging remarks about Jericho were made in a report prepared under the direction and at the request of DISA, and that it may be entitled to the defenses of federal official immunity and failure to exhaust administrative remedies.

The court determines that Booz Allen's section 1442(a) argument fails on the second element; it cannot show that the government has "direct and detailed control over it." *Kaye v. Southwest Airlines Co.*, 2005 WL 2074327, *4 (N.D. Tex. Aug. 29, 2005) (Fitzwater, J.) (citing 16 Moore's Fed. Prac. § 107.15(1)(b)(ii) (3d ed. 2005) and *Winters*, 149 F.3d at 399-400). The only

evidence in support of this element presented by Booz Allen is a declaration from Mario Ortega, who states that he drafted a Statement of Work pursuant to the subcontract purchase order between Jericho and Booz Allen, that one purpose of the subcontract was "to provide DISA with feedback regarding Booz Allen's assessment of the Jericho" software, and that the assessment occurred in January 2006. Def. App., Ex. 2, ¶¶ 3-4. Accordingly, the court determines that Booz Allen cannot show that it was acting under "direct and detailed" federal control when it allegedly injured Jericho, and therefore removal pursuant to section 1442(a) is inappropriate. The court therefore does not have subject matter jurisdiction over Plaintiff's claims.

### 2. Timeliness of Removal

Even if the court did have subject matter jurisdiction over Plaintiff's claims, the court determines that Defendant failed to timely remove this case to federal court pursuant to section 1446. Defendant removed this case pursuant to sections 1441 and 1442. Under either statute, the procedure that a defendant must follow in removing an action from state to federal court is set forth in section 1446. This statute provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Whether Booz Allen's removal was timely depends on which paragraph of section 1446(b) is applicable. The first paragraph of section 1446(b) relates *solely* to removals based on "an initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The court must therefore determine whether the Original Petition, the initial pleading, included the allegations that Defendant claims were raised for the first time in answers to interrogatories. The second paragraph, by the plain language of the statute, comes into play *only* if "the case stated by the initial pleading is not removable." *Chapman*, 969 F.2d at 161.

Defendant was served with the Original Petition on October 3, 2006. While Booz Allen's removal was within thirty days of the interrogatory answers upon which it claims it "first ascertained" federal question jurisdiction, if the court determines that these answers included facts and claims raised in the Original Petition, the notice of removal is untimely because it was filed nearly nine months after Defendant was served with the initial pleading. Regardless of whether the court has subject matter jurisdiction over Plaintiff's claims, which it does not believe it has, if this case was not timely removed to federal court, remand is in order.

Plaintiff argues that the information disclosed in its interrogatory responses was evident from the Original Petition. Booz Allen argues that the Original Petition did not "unequivocally" state facts that created the basis for removal. Booz Allen also contends that Jericho's admission that the Original Petition was not removable demonstrates that Plaintiff's interrogatory responses were the first statement of certain facts.

The court determines that interrogatory responses did not provide any new facts to Booz Allen and that for removal to be timely, Defendant would have had to remove the case within thirty days of October 3, 2006, the date that Defendant was served with the Original Petition. While Booz

Allen argues that the facts pleaded in the Original Petition are "vaguely pled," a careful review of that pleading demonstrates that it included the facts included in Jericho's interrogatory responses. Booz Allen argues that it did not know the specifics of Jericho's disparagement claim or that Jericho alleged that it distributed software to the U.S. government that included Jericho's trade secrets. Defendant points to two interrogatory answers in support of its argument that these answers provided new information.

> Jericho's answer to interrogatory number 15, in whole, states:
>
>> After the January 2006 installation at [Booz Allen's] lab in Virginia, [Booz Allen] issued a false report with respect to the proof-of-concept. In a September 2006 SOAF Teleconference, [Booz Allen] stated that they updated the [NCES] to include ABAC because commercial products did not exist. When asked about Jericho, [Booz Allen] denied knowledge of Jericho and the proof-of-concept. On information and belief, [Booz Allen] continues to make false and disparaging comments about Jericho.

Pl. App., tab 5, p. 6. While the interrogatory answer includes some additional detail, it clearly includes facts pleaded in the Original Petition, including that Jericho believed that Booz Allen disparaged it on a September 2006 teleconference and that it denied all knowledge of Jericho and its products during that teleconference. Orig. Pet. ¶ 25. With respect to interrogatory number 15, the court determines that this answer did not provide Booz Allen with new information that provided a new basis for removal.

Interrogatory number 16, the only other specific interrogatory noted by Booz Allen, asked: "Do you contend that BAH has distributed software to the U.S. Government, including but not limited to DISA, which contains Jericho's alleged trade secrets?" Pl. App., tab 5, p. 6. Jericho responded: "Yes." *Id.*, tab 5, p. 7. Booz Allen argues that this was the first time Jericho made clear that it alleged that Booz Allen distributed software to the government that included Jericho's trade

secrets. A review of the Original Petition, however, leads the court to the opposite conclusion. Plaintiff alleged that it enlisted Booz Allen to help secure government contracts, and that Booz Allen used its trade secrets to obtain government contracts and damaged it by disclosing its trade secrets and other confidential and proprietary information to "a community of DoD personnel." Orig. Pet. ¶¶ 16, 25-27. The court determines that the response to the interrogatory was not the first time Booz Allen learned Jericho alleged it used Jericho's trade secrets to support its government contract.

Booz Allen's position is premised upon the slightly different wording in the Original Petition and the interrogatory responses. A fair reading of the two documents makes clear that the interrogatory responses did not raise new facts or create new claims that would start the removal clock pursuant to the second paragraph of section 1446(b). Accordingly, regardless of whether the court has subject matter jurisdiction, removal was untimely, and the court must remand this case to state court.

### C. Jericho's Request for Attorney's Fees and Costs

Jericho also seeks all costs and expenses related to its Motion to Remand, including attorney's fees. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USC § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id*. at 293.

The court determines that an award of fees and costs is appropriate in this case, because it believes that Defendant's removal of this case was a procedural maneuver with little or no

justification. A review of the Original Petition and the two interrogatory responses that are the basis for Defendant's contention that the removal clock started in June 2007 leads the court to conclude that its argument regarding the interrogatory responses is not "objectively reasonable." Given the strong similarities between the Original Petition and the interrogatory answers, a reasonable person would have been put on notice by the initial pleading that the case was removable under Booz Allen's theory. Since it did not remove the case within the period allowed after the initial pleading, the time for removal has passed. This case should have never been removed, and this should have been readily ascertainable to Defendant. The court believes that removal to federal court was the result of legal legerdemain rather than objective reasonableness. The court and Plaintiff have expended unnecessary time and effort on a matter that should have never come into play, and the state court trial setting of this case has now passed. Accordingly, Plaintiff's request for costs and attorney's fees is **granted**, and Plaintiff shall recover from Defendant its costs and reasonable attorney's fees incurred in successfully having this case remanded to state court.

## III. Conclusion

For the foregoing reasons, the court determines that it lacks subject matter jurisdiction in this action. In the alternative, removal of this case was untimely pursuant to 28 U.S.C. § 1446(b). Therefore, the court **grants** the Motion to Remand and **remands** this action to the 68th Judicial District Court, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c). The clerk of the court shall effect the remand in accordance with the usual procedure. The court **denies as moot** Defendant Booz Allen Hamilton Inc.'s Motion to Transfer.

**It is so ordered** this 31st day of October, 2007.

/s/ Sam A. Lindsay
Sam A. Lindsay
United States District Judge